A97A0229. SPEARS v. MACK & BERNSTEIN, P.C. et al.

(490 SE2d 463)

Pope, Presiding Judge.

Gilda F. Spears appeals from the trial court's dismissal of the claims she asserted in a complaint against the law firm of Mack & Bernstein, P.C. ("M & B") and one of its shareholders, Curtis Mack, following the entry of a default judgment in her favor in the case. Concluding that the trial court should not have dismissed Spears' claims, we reverse.

Spears is an attorney who entered into an employment agreement with M&B. Her employment under the agreement was to extend from approximately April 15, 1989, until April 30, 1991. The agreement, however, provided that it could be terminated with cause by either party giving 90 days written notice to the other, or by M&B upon theft, dishonesty or serious neglect on Spears' part. The agreement also provided for the prospect of Spears becoming a shareholder in the firm and stated that she would be considered for such status six months prior to expiration of the agreement. In the event the firm decided to grant shareholder status to Spears, she would be required to make a capital contribution, but if it was decided not to grant shareholder status to Spears, the agreement provided for its renewal for a mutually agreeable term or termination by either party.

After being terminated on or about April 17, 1991, allegedly without prior notice and for no apparent reason, and after allegedly having been told she would be made a shareholder six months before the agreement's termination date, Spears filed her initial lawsuit against M&B and two of its shareholders, Curtis Mack and Ira Bernstein. In her complaint, she alleged that under the agreement she was entitled to be made an equity partner and to the compensation and division of the firm's profits commensurate with such status. In the alternative, Spears claimed she was entitled to breach of contract damages from the firm and Mack and Bernstein individually. She also alleged that M&B and Mack and Bernstein had violated a duty of good faith and fair dealing they owed to Spears due to the relationship existing between them, and that she was entitled to damages in tort for breach of that duty, including punitive damages. Additionally, she claimed that Mack and Bernstein individually were liable to her for intentional infliction of emotional distress and interference with contract.

At trial, M&B and Mack and Bernstein moved for a directed verdict and subsequently obtained a judgment dismissing Spears' claims against Mack and Bernstein individually for intentional infliction of emotional distress and interference with contract, as well as Spears' claim that she was entitled to be made an equity partner in the firm. It is undisputed that the jury did not reach a verdict as to the

remainder of Spears' claims, and subsequently she dismissed those claims without prejudice.

Thereafter, pursuant to OCGA § 9-2-61 (a), Spears filed the present action against M&B and Mack and Bernstein individually, reasserting her claims for breach of contract and for tortious breach of an alleged duty of good faith and fair dealing. Spears' complaint was properly served on M&B and Mack. She failed, however, to properly serve Bernstein, and for that reason it is undisputed that he is no longer involved in the case. The firm and Mack both failed to timely answer Spears' refiled complaint, and the case went into default. When the default was not opened, the trial court entered a default judgment against M&B and Mack. In its order granting the default judgment, however, the trial court specifically noted that Spears would not be allowed to recover for the claims that were dismissed in the previous filing of her suit. And for purposes of clarification, Spears filed a motion dismissing any claims in the refiled action that might be construed as asserting a cause of action regarding the matters previously dismissed in her prior lawsuit. The case was then set for hearing before a jury on the issue of damages only.

Immediately prior to the damages hearing, the trial court allowed M&B and Mack to argue that all of Spears' contract claims against them in the refiled suit were precluded by the trial court's judgment in the previous case and by the motion to dismiss that Spears filed in the present action. M&B and Mack also were allowed to present argument that Spears' claim for breach of good faith and fair dealing should be dismissed because Georgia did not recognize such a tort. Thereafter, the trial court dismissed all of Spears' claims against M&B and Mack.

1. Spears contends that the trial court committed reversible error in allowing such argument on oral motion from M&B and Mack in light of the default judgment entered in the case. We cannot agree. Oral motions of the type at issue here, made prior to a hearing or in this case a trial concerning damages only, are proper under OCGA § 9-11-7 (b) (1). And as M&B and Mack point out in their appellate brief, a "default operates to admit 'only the well-pleaded allegations of the complaint and the fair inferences and conclusions of fact to be drawn therefrom.' *Stroud v. Elias*, 247 Ga. 191, 194 (275 SE2d 46) (1981). Thus, [a defendant] is not precluded by operation of the default from showing that no claim exist[s] which [w]ould allow [a plaintiff] to recover from [the defendant]. Id. at 193[-194 (2)]; *Williams v. Appliances, Inc.*, 91 Ga. App. 608 (86 SE2d 632) (1955); *Thigpen v. Bituminous Cas. Corp.*, 67 Ga. App. 367, 368 (20 SE2d 213) (1942)." *Weldon v. Williams*, 170 Ga. App. 589, 591 (3) (317 SE2d 570) (1984). Accordingly, argument regarding whether Spears was entitled to any recovery was appropriately considered by the trial

court prior to the damages only trial.

2. Acknowledging the above, we now turn to Spears' contention that the trial court erred in dismissing all of her claims in the case pursuant to M&B and Mack's oral motion. In doing so, we note that contrary to M&B and Mack's assertion, neither the judgment filed in the prior lawsuit nor any dismissal filed by Spears in this case constitutes a bar to all of the breach of contract claims alleged in the current action. And upon review of the allegations in the refiled complaint, we conclude that the trial court should not have dismissed Spears' breach of contract claim regarding M&B's failure to comply with the 90-day notice requirement found in the employment agreement. The well-pleaded allegations of the refiled complaint clearly set forth that Spears was not terminated for any cause that would waive the 90-day notice requirement. And the allegations further set forth that she was terminated while the agreement was still in effect without any prior notice. As such, she was entitled to have the issue of any damages she may have suffered as a result of this breach submitted to a jury.

The well-pleaded allegations of the complaint, and a review of the agreement itself, also support Spears' claim that M&B breached the agreement by considering Spears for shareholder status, as required by the agreement, and thereafter purportedly informing her six months before the contract term was to end that she would be made a shareholder without giving her any advance notice that in actuality it had been decided she would not be made a shareholder. Thus, Spears also was entitled to have her claim for damages she may have suffered from this breach submitted to the jury.

We also agree with Spears' contention that the trial court improperly dismissed her alleged tort claim against M&B and Mack for breaching an alleged duty of good faith and fair dealing. While it is true that in this State, " 'a tort action cannot be based on the breach of a contractual duty only, . . . it can be based on conduct which, in addition to breaching a duty imposed by contract, also breaches a duty imposed by law. *Commercial Bank &c. Co. v. Buford*, 145 Ga. App. 213 (243 SE2d 637) (1978).' *Unified Svcs. v. Home Ins. Co.*, 218 Ga. App. 85, 87 (4) (460 SE2d 545) (1995)." *Young v. W. S. Badcock Corp.*, 222 Ga. App. 218, 219 (1) (474 SE2d 87) (1996). "[W]here private duties arise . . . from relations created by the contract, express or implied, [one may] pursue a tort action for damages flowing from the exercise or failure to exercise that duty." (Citations and punctuation omitted.) *Unified Svcs. v. Home Ins. Co.*, 218 Ga. App. at 87 (4) (a).

In this case, the agreement specifically states that Spears was to be treated as some sort of partner in the firm during her employment. As such, we conclude that M&B and Mack had some fiduciary

duty, as specifically alleged in Spears' refiled complaint, to treat Spears fairly and in good faith. And the default judgment prevented them from claiming that they had complied with this duty. Consequently, plaintiff was entitled to submit her claim for damages in tort against M&B, including punitive damages, to a jury.

*Judgment reversed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 16, 1997 —
RECONSIDERATION DENIED JULY 30, 1997 — 

*Gilda F. Spears*, pro se.
*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert, Dan B. Wingate*, for appellees.