## A00A0365. AZARAT MARKETING GROUP, INC. v. DEPARTMENT OF ADMINISTRATIVE AFFAIRS et al.
## A00A0366. STATE OF GEORGIA v. AZARAT MARKETING GROUP, INC.
### (537 SE2d 99)

ELLINGTON, Judge.

Azarat Marketing Group, Inc. ("Azarat") filed suit against the State of Georgia, the Georgia Department of Administrative Affairs, and the University of Georgia, alleging that the State had breached a contract for the purchase of 36 computers. In Case No. A00A0365, Azarat appeals from an order granting summary judgment to the State. Finding that the trial court erred in allowing the State to assert the affirmative defense of res judicata after suffering a default judgment on the issue of liability, we reverse the trial court's grant of summary judgment. In Case No. A00A0366, the State appeals the trial court's denial of its motion to open default. Finding no error, we affirm.

### Case No. A00A0365

1. Azarat correctly contends that the trial court erred when it granted summary judgment to the State after the State had suffered a default judgment as to liability.

Azarat filed suit against the State and its entities on August 8, 1997, and served the office of the Governor's Executive Counsel on the same day. The State failed to timely answer the complaint or open the default as a matter of right. The trial court granted Azarat's motion for default judgment and denied the State's motion to open default. The trial court specifically found that the State was "in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged. In that state of the record, the State of Georgia is concluded as to its liability. [Cit.]" After conducting discovery, the State moved for summary judgment on the basis of res judicata and the failure of the complaint to state a cause of action.

(a) In its order granting the motion for summary judgment, the trial court found that the State presented evidence of a prior final order from another court on the same issues, so that the instant claim was precluded by the doctrine of res judicata. See OCGA § 9-12-40. Pretermitting the issue of whether, on the summary judgment motion, the trial court failed to consider the evidence presented in the light most favorable to Azarat as nonmovant,[1] the trial court erred in allowing the State to claim res judicata after suffering

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

default judgment. Res judicata is an affirmative defense that must be raised in a timely filed responsive pleading. OCGA § 9-11-8 (c). The State's failure to assert this affirmative defense in an answer or motion prior to suffering a default judgment acts as a waiver of the defense. *Northgate Village Apts. v. Smith*, 207 Ga. App. 479, 481-482 (3) (428 SE2d 381) (1993). See also *McDade v. McDade*, 263 Ga. 456 (1) (435 SE2d 24) (1993).[2]

(b) The trial court also erred in finding that a "general conclusory statement" in the pleadings that there had been a breach of contract fails to state a cause of action sufficient to withstand a motion for summary judgment when there is also "an instrument attached to those pleadings showing that no contract existed which could be breached." Although it is unclear to which "instrument" the trial court refers, it makes no difference to the analysis in this case.

> [A] defendant in default is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged. The default concludes the defendant's liability, and estops him from offering any defenses which would defeat the right of recovery.

(Citations and punctuation omitted.) *Cohran v. Carlin*, 254 Ga. 580, 585 (3) (331 SE2d 523) (1985). See also OCGA § 9-11-55 (a). Even so, the State is correct when it points out that

> the default operates to admit only the well-pleaded allegations of the complaint and the fair inferences and conclusions of fact to be drawn therefrom. Thus, [the State] is not precluded by operation of the default from showing that no claim existed which could allow [Azarat] to recover.

(Citations and punctuation omitted.) *Weldon v. Williams*, 170 Ga. App. 589, 591 (3) (317 SE2d 570) (1984). See also *Stroud v. Elias*, 247 Ga. 191, 194 (2) (275 SE2d 46) (1981); *Drug Emporium v. Peaks*, 227 Ga. App. 121, 129 (2) (d) (488 SE2d 500) (1997).

In this case, Azarat's complaint shows that (1) there was an agreement for it to sell the State 36 computers for a total price of $33,984; (2) the computers were delivered as promised; (3) all conditions precedent to Azarat's right of recovery have occurred; and (4) the State has refused to pay for the computers pursuant to its agreement. These allegations were sufficient to state a cause of action for

---

[2] But see *Hardy v. Ga. Baptist Health Care System*, 239 Ga. App. 596-597 (1) (521 SE2d 632) (1999) (absent a default, an affirmative defense may be raised by motion or on summary judgment).

breach of contract and were deemed admitted by the State's default. See OCGA §§ 9-11-8 (a) (2); 9-11-55 (a); see also *Morgan v. Ga. Vitrified Brick &c. Co.*, 196 Ga. App. 779, 780 (1) (397 SE2d 49) (1990) (all doubts resolved in favor of plaintiff on a motion to dismiss for failure to state a claim).

The exhibits attached to the complaint included copies of the State's requisition sheet, an invoice, and documents for shipping 36 packages from Azarat to the University of Georgia. While the exhibits may not, by themselves, establish the existence and execution of a contract, they certainly do not establish that no written contract in fact existed.[3] See OCGA § 11-2-201; *Harris v. Hine*, 232 Ga. 183, 186 (1) (205 SE2d 847) (1974); cf. *Stroud v. Elias*, 247 Ga. at 194 (2) (exhibit to complaint conclusively showed that the defendant was not liable on the contract). This is particularly true when the evidence is viewed in the light most favorable to Azarat. *Lau's Corp. v. Haskins*, 261 Ga. 491. Although the State attempts to portray deposition testimony by an Azarat representative as contradicting the complaint by admitting that no contract existed, the testimony, when viewed in context, does not include such an admission.

The trial court's determination that there was no contract, based upon an unspecified "instrument" attached to the complaint, was error. The grant of summary judgment to the State must be reversed.

### Case No. A00A0366

2. The State claims that the trial court abused its discretion in refusing to open the default on the basis of excusable neglect. See OCGA § 9-11-55 (b). The undisputed facts show that the complaint was filed on August 8, 1997, and a process server hand-delivered the summons and complaint to an attorney in the Governor's Office of Executive Counsel the same day. According to the Executive Counsel, one of the duties of the office is to accept service of process on behalf of the Governor and the State. An affidavit of service was completed on August 12, 1997, and filed with the trial court on August 15, 1997.

The Executive Counsel forwarded the summons and complaint to the State Law Department. Due to miscommunications within the Executive Counsel's Office and, later, between the Executive Counsel and the Law Department, the Senior Assistant Attorney General responsible for responding to the complaint mistakenly believed that

---

[3] For the same reason, the State's assertion of sovereign immunity based upon Azarat's alleged failure to prove the existence of a written contract misses the mark. Further, the cases cited by the State regarding sovereign immunity do not involve default judgments and are, therefore, inapplicable to this case. See, e.g., *Bd. of Regents &c. of Ga. v. Tyson*, 261 Ga. 368, 369-370 (1) (404 SE2d 557) (1991) (jury trial); *Merk v. DeKalb County*, 226 Ga. App. 191 (1) (486 SE2d 66) (1997) (summary judgment).

the complaint had not been properly served. Based upon such belief, the Assistant Attorney General decided not to answer the complaint.

While the State argues that it exercised diligence in attempting to determine whether service had been perfected, the trial court heard the evidence presented; it could have found excusable neglect, but did not. See *Drug Emporium v. Peaks*, 227 Ga. App. at 124 (1). This Court finds that the facts of this case do not demand a finding of excusable neglect and that the trial court did not abuse its discretion in denying the State's motion to open the default. See *Coleman v. Superior Ins. Co.*, 204 Ga. App. 78, 79-80 (418 SE2d 390) (1992).

3. The State's remaining enumerations were resolved in Division 1, supra.

*Judgment affirmed in Case No. A00A0366. Judgment reversed in Case No. A00A0365. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 6, 2000 —
RECONSIDERATION DENIED JULY 20, 2000 

*Coleman & Dempsey, Robert P. Catlin III*, for Azarat Marketing Group, Inc.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, John B. Ballard, Jr., Grace E. Lewis, Senior Assistant Attorneys General*, for Department of Administrative Affairs et al.