A05A1731. JASTRAM v. WILLIAMS.
(623 SE2d 686)

ANDREWS, Presiding Judge.

Mel Jastram sued Windy Williams for damages alleging that, as a result of false statements Williams made to police, he was wrongfully arrested and detained by police on a warrant accusing him of stalking Williams. After a dismissal or a nolle prosequi was entered on the criminal charges, Jastram claimed he had a right to recover damages against Williams under OCGA § 51-1-6 because the alleged false statements breached a duty owed to him by Williams not to falsely report a crime in violation of OCGA § 16-10-26 and not to obstruct or hinder police in violation of OCGA § 16-10-24. The trial court granted Williams's motion to dismiss the suit on the basis that it failed to allege a cause of action for damages, and Jastram appeals. Because we agree that Jastram cannot recover damages from Williams under OCGA § 51-1-6 for the alleged statutory violations, we affirm.

OCGA § 51-1-6 provides that:

> When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby.

This section does not create a separate cause of action, but simply authorizes the recovery of damages for the breach of a legal duty otherwise arising, though not expressly stated, under a statute or common law. *Kaiser v. Tara Ford, Inc.*, 248 Ga. App. 481, 489 (546 SE2d 861) (2001); *St. Mary's Hosp. &c. v. Radiology Professional Corp.*, 205 Ga. App. 121, 126 (421 SE2d 731) (1992). Accordingly,

Jastram's claim for damages under OCGA § 51-1-6 is based on a claim that Williams breached duties owed to him under OCGA §§ 16-10-26 and 16-10-24 not to violate those statutes, and that breach of these duties damaged him by causing his arrest and detention. OCGA § 16-10-26 is a criminal statute which prohibits knowingly giving a false report of a crime to police, and OCGA § 16-10-24 is a criminal statute which prohibits knowingly obstructing or hindering police in the discharge of their official duties. Both statutes set forth criminal penalties for violation, and neither expressly provides for a civil cause of action as a remedy for violation. At issue is whether, despite the lack of any express statement, the legislature intended to provide a civil cause of action to Jastram for damages, if any, proximately caused by Williams's alleged violation of the criminal statutes.

We find nothing in the language of the statutes or in the criminal statutory scheme that provides a basis to infer that the legislature intended to create an implicit civil cause of action for damages caused by violation of the statutes. "Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action." *Chapa v. Adams*, 168 F3d 1036, 1038 (7th Cir. 1999); *Cox Broadcasting Corp. v. Cohn*, 231 Ga. 60, 61-62 (200 SE2d 127) (1973), rev'd on other grounds, 420 U. S. 469 (95 SC 1029, 43 LE2d 328) (1975). The criminal statutes at issue create rights in favor of the general public, not just individuals damaged by their violation. *Cechman v. Travis*, 202 Ga. App. 255, 256 (414 SE2d 282) (1991); *Vance v. T. R. C.*, 229 Ga. App. 608, 610-611 (494 SE2d 714) (1997); *Oswald v. American Nat. Can Co.*, 194 Ga. App. 882 (392 SE2d 26) (1990). Moreover, the legislature has created other remedies — false arrest claims under OCGA § 51-7-1 or malicious prosecution claims under OCGA § 51-7-40 — which generally apply where damage results from arrest or prosecution based on false reports of criminal misconduct. *Doyle Dickerson Co. v. Durden*, 218 Ga. App. 426, 428 (461 SE2d 902) (1995). We conclude that the legislature did not intend to create additional implicit remedies for violation of the criminal statutes at issue.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED NOVEMBER 18, 2005.

*William L. Jones*, for appellant.
*Julian A. Mack*, for appellee.