A08A2287. COUNTRYWIDE HOME LOANS, INC. v. KING et al.*

JOHNSON, Presiding Judge.

After the holders of a first priority security interest in the home of James and Marie King foreclosed on the property, Countrywide Home Loans, Inc., which held a second priority security interest in the property, sued the Kings for, among other things, breach of warranty of title, fraud, and intentional misrepresentation. The Kings failed to answer the complaint, and on March 25, 2008, Countrywide filed a motion for entry of a default judgment. After the trial court denied its motion, Countrywide appealed, claiming that the trial court abused its discretion in failing to enter a default judgment against the Kings. We agree. Accordingly, we reverse the ruling below and remand to the trial court to determine the amount of Countrywide's unliquidated damages.

On appeal, we will reverse a trial court's denial of a motion to enter a default judgment only if there has been an abuse of

---

* After publication of this opinion in the advance sheets, the Court of Appeals determined that it had been wrongly decided. Therefore, this opinion has no precedential value and should not be cited as authority.

discretion.[1] Here, the record shows that on January 7, 2004, the Kings obtained a loan for $160,000 from a predecessor in interest to Countrywide. To secure repayment of the loan, the Kings executed a security deed to their home (the "Property"), and that security deed was later assigned to Countrywide. In connection with their receipt of the loan proceeds, the Kings also executed a mortgagor's affidavit, in which they swore that the mortgage they were taking out on the Property would constitute a valid first lien and that they had not executed any other loan documents in the past 90 days that would constitute a lien on the Property. The Kings did not disclose that on November 19, 2003, they had borrowed over $80,000 from Bank One, N.A. and had secured that loan with a security deed to the Property.

The Kings failed to make required payments under either of the loan agreements, and the successor in interest to the Bank One loan commenced foreclosure proceedings on the Property in 2006. As a result of the subsequent foreclosure, Countrywide's interest in the Property was eliminated.

Countrywide filed suit against the Kings on November 8, 2007. The Kings have apparently never answered the complaint or filed any defensive pleadings with the trial court. After Countrywide filed a motion for entry of a default judgment, the trial court initially found the Kings to be in default and set a hearing to determine Countrywide's damages. At that hearing, however, the trial court apparently was informed that the Kings had filed a bankruptcy petition "some time ago," and the trial court ordered Countrywide to file a responsive brief. Countrywide responded, showing that it had secured an order from the bankruptcy court allowing it to assert its rights against the Kings and renewing its motion for entry of a default judgment. The trial court denied Countywide's motion, and this Court granted Countrywide's application to file an interlocutory appeal.

OCGA § 9-11-55 (a) provides:

> If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs. If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default. . . .

---

[1] *Frady v. Irvin*, 245 Ga. 307, 308 (2) (264 SE2d 866) (1980).

Here, the trial court did not extend the time for filing an answer, nor did the Kings ever file an answer or seek to have the default opened as a matter of right. After the expiration of the 15-day statutory grace period, therefore, Countrywide became entitled to verdict and judgment by default as if every item and paragraph of its complaint was supported by proper evidence, except as to the amount of unliquidated damages.[2]

Despite the trial court's concern that the Kings may have had a defense related to a discharge in bankruptcy, a "default concludes the defendant's liability, and estops him from offering any defenses which would defeat the right of recovery."[3] A discharge in bankruptcy, even if it could be shown by the Kings, is an affirmative defense that must be raised in a timely filed responsive pleading.[4] The Kings' failure to timely assert this affirmative defense acts as a waiver of the defense.[5]

While a default operates to admit only the well-pleaded allegations of the complaint and the fair inferences and conclusions of fact to be drawn therefrom,[6] the allegations in Countrywide's complaint were sufficient to state a cause of action for breach of warranty of title, fraud, and intentional misrepresentation.[7] Countrywide's complaint also showed that it had suffered liquidated damages in the amount of $160,000. We, therefore, reverse the trial court's denial of Countrywide's motion for entry of a default judgment, including as to Countrywide's liquidated damages, and we remand this case to the trial court for a determination of any unliquidated damages.[8]

*Judgment reversed and case remanded. Barnes and Phipps, JJ., concur.*

DECIDED FEBRUARY 19, 2009.

*Monica K. Gilroy, Tania T. Trumble*, for appellant.
James L. King, *pro se*.
Marie King, *pro se*.

---

[2] OCGA § 9-11-55 (a); see *Sidwell v. Sidwell*, 237 Ga. App. 716, 717 (1) (515 SE2d 634) (1999).

[3] *Azarat Marketing Group v. Dept. of Administrative Affairs*, 245 Ga. App. 256, 257 (1) (b) (537 SE2d 99) (2000).

[4] OCGA § 9-11-8 (c).

[5] *Azarat*, supra at 257 (1) (a).

[6] See id. at 257 (1) (b).

[7] See OCGA §§ 44-5-60 et seq.; 51-6-1; 51-6-2.

[8] See *Sidwell*, supra, at 718 (1).