### A10A1325. ROUNDTREE v. EVEREST SECURITY INSURANCE COMPANY.

(697 SE2d 315)

JOHNSON, Judge.

After Angela Roundtree's car was struck by a car driven by Sabrina Musgrove, Roundtree filed a complaint against Mrs. Musgrove's husband, Tony Musgrove.[1] A demand was made upon Everest Security Insurance Company to defend Mr. Musgrove based upon its issuance of an automobile insurance policy listing Mr. Musgrove as a "named insured." Everest filed a complaint for declaratory judgment, asserting that it was not required to provide coverage for the incident because Mrs. Musgrove was explicitly listed as an excluded party under the terms of the policy.

Roundtree did not file an answer to Everest's complaint, and she acknowledges that the action went into default. Roundtree filed a motion to open the default under OCGA § 9-11-55 (b), and both parties later filed motions for summary judgment. The trial court denied Roundtree's motions, and it granted summary judgment in favor of Everest. Roundtree appeals, claiming that the trial court should have granted her motion for summary judgment and denied

---

[1] Roundtree later dismissed the complaint against Mr. Musgrove and filed a renewed complaint against both Mr. and Mrs. Musgrove.

the motion filed by Everest. We find no error and affirm.

Roundtree does not appeal the trial court's denial of her motion to open the default, and as a result of the default she is treated as having "admitted each and every material allegation" of Everest's complaint for a declaratory judgment.[2] "The default concludes the defendant's liability, and estops [her] from offering any defenses which would defeat the right of recovery."[3]

Roundtree claims that the policy issued by Everest was ambiguous as to whether Mrs. Musgrove was an insured party or an excluded party, and that the ambiguity should be construed against Everest. However, this was a defense that would have been properly raised in a timely answer to Everest's complaint, and Roundtree waived the right to raise it by allowing the action to remain in default.[4]

Not only did the default provide Everest with the right to move for a default judgment,[5] but also the admissions resulting from the default established that, as alleged in Everest's complaint, Mrs. Musgrove was an excluded party under the policy and that her exclusion in the policy was supported by consideration. Because we have already held that such an exclusion is enforceable, the trial court properly granted summary judgment to Everest and denied summary judgment to Roundtree.[6]

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED JUNE 30, 2010.

*Dewey N. Hayes, Jr.,* for appellant.
*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl,* for appellee.

---

[2] (Citation omitted.) *Azarat Marketing Group v. Dept. of Administrative Affairs*, 245 Ga. App. 256, 257 (1) (b) (537 SE2d 99) (2000).

[3] (Citation omitted.) Id.

[4] See *Stout v. Signate Holding*, 184 Ga. App. 154, 155 (3) (361 SE2d 36) (1987).

[5] See OCGA § 9-11-55 (a).

[6] See *Atlanta Cas. Co. v. Cash*, 209 Ga. App. 123, 123-124 (1), (2) (433 SE2d 311) (1993).