## A10A0782. BRIDGES v. WOOTEN et al.
### (700 SE2d 678)

DOYLE, Judge.

Cheryl Bridges and Eric Wooten divorced in May 1995, and Eric was ordered to pay child support in the amount of $400 per month. Bridges filed the instant lawsuit alleging that: (1) Eric was in arrears, and his actions constituted felony abandonment, a tort; and (2) Eric's parents, David Lee Wooten and Margaret E. Wooten, were liable for aiding and abetting Eric in committing the tort of felony abandonment. All three defendants failed to file an answer to the complaint, and the trial court entered a default judgment against them as to liability only and set a damages hearing. At the conclusion of the hearing, the trial court verbally announced that it was going to enter a default judgment against all of the defendants in the amount of $40,111.74, plus $3,975 in attorney fees. Thereafter, the trial court entered a written order granting a default judgment against Eric Wooten in the amount of $48,086 and concluding that Bridges was not entitled to judgment against David or Margaret Wooten because there was "no legal basis upon which to hold either [of them] jointly or severally liable for money damages under the legal theories presented by [the p]laintiff." Bridges appeals the trial court's order with regard to David and Margaret, and we affirm, for reasons that follow.[1]

1. Bridges argues that the trial court erred by determining that there was no legal basis to hold David and Margaret liable for

---

[3] *Covington Square Assoc., LLC v. Ingles Markets, Inc.*, 287 Ga. 445 (696 SE2d 649) (2010).

[1] Bridges appealed to this Court, which transferred the case to the Supreme Court of Georgia. The Supreme Court then transferred the case back to this Court.

Bridges's judgment against their son, Eric. Because the complaint itself demonstrated that Bridges had no valid claim against David or Margaret, this enumeration is without merit.

Pursuant to OCGA § 9-11-55 (a), default by a defendant results in verdict and judgment to the plaintiff "as if every item and paragraph of the complaint or other original pleading were supported by proper evidence. . . ." However,

> the default operates to admit only the well-pled *factual* allegations of the complaint and the fair inferences and conclusions of fact to be drawn from those allegations. . . . It is axiomatic that a default does not result in the admission of allegations that are not well-pled or that are the result of forced inferences. The failure to answer or to appear at trial serves as an admission of the facts alleged in the complaint, but not of the conclusions of law contained therein. *So while a default operates as an admission of the well-pled factual allegations in a complaint, it does not admit the legal conclusions contained therein. A default simply does not require blind acceptance of a plaintiff's erroneous conclusions of law.* Nor does a default preclude a defendant from showing that under the facts as deemed admitted, no claim existed which would allow the plaintiff to recover.[2]

Here, the complaint alleged that Eric committed felony abandonment in violation of OCGA § 19-10-1, a criminal statute, and that Bridges was entitled to damages under OCGA § 51-1-6. Bridges further alleged that David and Margaret "conspired to commit the unlawful acts and omissions of [Eric] by aiding and abetting [Eric] in his commission of the multiple counts of the crime of felony abandonment of a minor child(ren)" by (1) paying "just enough money to allow [Eric] to be released [from custody]" on multiple occasions when Bridges filed contempt actions against him; (2) allowing Eric to move in with them in Alabama "and thereby escape the jurisdiction of [the trial court] and not have to pay any amount for the support and maintenance of the children at issue"; and (3) supporting Eric "with the concerted knowledge that [he] was not properly paying his child support."

OCGA § 51-1-6 provides that "[w]hen the law requires a person

---

[2] (Punctuation omitted; emphasis in original.) *EnduraCare Therapy Mgmt. v. Drake*, 298 Ga. App. 809, 811 (1) (681 SE2d 168) (2009). See *Fink v. Dodd*, 286 Ga. App. 363, 364-365 (1) (649 SE2d 359) (2007); *ServiceMaster Co. v. Martin*, 252 Ga. App. 751, 752-753 (1) (556 SE2d 517) (2001); *Azarat Marketing Group v. Dept. of Administrative Affairs*, 245 Ga. App. 256, 257 (1) (b) (537 SE2d 99) (2000).

to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby." However, "[t]his section does not create a separate cause of action, but simply authorizes the recovery of damages for the breach of a legal duty otherwise arising, though not expressly stated, under a statute or common law."[3] Thus, Bridges's claim against David and Margaret for damages under OCGA § 51-1-6 is based on a claim that they breached duties owed to her under OCGA § 19-10-1 and that such breach resulted in damages.[4]

OCGA § 19-10-1 is a criminal statute which prohibits the abandonment of a child, who "shall be considered to be in a dependent condition when the father or mother does not furnish sufficient food, clothing, or shelter for the needs of the child."[5] The statute sets forth criminal penalties for violation, but does not expressly provide a civil cause of action as a remedy for violation. Thus, "[a]t issue is whether, despite the lack of any express statement, the legislature intended to provide a civil cause of action to [Bridges] for damages, if any, proximately caused by [David and Margaret's] alleged violation of the criminal statute[ ]."[6]

> We find nothing in the language of the statute[ ] or in the criminal statutory scheme that provides a basis to infer that the legislature intended to create an implicit civil cause of action for damages caused by violation of the statutes. Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action.[7]

Moreover, the legislature has created a civil cause of action, namely

---

[3] *Jastram v. Williams*, 276 Ga. App. 475 (623 SE2d 686) (2005).

[4] Bridges argues in her appellate brief that David and Margaret committed "the tort of aiding and abetting the forestalling of satisfaction of a judgment." But despite her assertions to the contrary, Bridges did not allege such a claim in her complaint. Because Bridges appeals the denial of damages based on her motion for a default judgment based on David and Margaret's failure to file an answer or other responsive pleading, our review is limited to those claims in the complaint, if any, that the defendants effectively admitted by default.

[5] OCGA § 19-10-1 (a). The statute further provides that "[i]f any father or mother willfully and voluntarily abandons his or her child, . . . leaving it in a dependent condition, and leaves this state or if any father or mother willfully and voluntarily abandons his or her child, . . . leaving it in a dependent condition, after leaving this state, he or she shall be guilty of a felony. . . ." OCGA § 19-10-1 (b).

[6] *Jastram*, 276 Ga. App. at 476.

[7] (Punctuation omitted.) Id.

a contempt action under OCGA § 19-6-28, and provided other remedies[8] based on a parent's failure to pay child support.

Thus, pretermitting whether David and Margaret's actions as pled in the complaint constituted aiding and abetting Eric's felony abandonment of a child, we conclude that the legislature did not intend to create additional implied remedies under OCGA § 51-1-6 for violation of OCGA § 19-10-1.[9] Accordingly, the trial court properly concluded that Bridges was not entitled to recover civil damages from David and Margaret Wooten based on the facts and claims alleged in the complaint.[10]

2. Bridges also alleges that the trial court erred by "reversing its judgment without notice and proper due process, wherewith [Bridges] might have amended her complaint, presented additional evidence to support her claim, . . . or briefed the [trial c]ourt on issues of law that concerned it." We discern no error.

First,

> [a] trial court's oral pronouncement is not a judgment until it is put in writing and entered as the judgment. Although a trial court's oral pronouncements on the record may provide insight on the intent of its subsequent written judgment, discrepancies between the two pronouncements must be resolved in favor of the written judgment. Thus, the trial court's oral statements on the record were not binding.[11]

Accordingly, Bridges's claim that the trial court "revers[ed] its judgment" is without merit.[12]

We further conclude that Bridges's claim that she was denied due process or notice is not supported by the record. Although the initial order granted a default judgment as to all defendants "with regard to liability," the rule nisi stated that a hearing was scheduled so that the defendants could "show cause . . . why the damages sought in [p]laintiff's [c]omplaint for [d]amages should not be awarded." Furthermore, the transcript of the damages hearing

---

[8] See OCGA § 19-6-30 (a) (providing for collection of child support through garnishment); OCGA § 19-6-32 (providing for entry of an income deduction order or medical support notice for award of child support).

[9] See *Jastram*, 276 Ga. App. at 476.

[10] Eric Wooten did not appeal the judgment against him, and we do not hold, through implication or otherwise, that Bridges's claim against Eric Wooten as alleged in the complaint is without merit.

[11] (Punctuation omitted.) *Blair v. Bishop*, 290 Ga. App. 721, 725 (2) (660 SE2d 35) (2008).

[12] Bridges does not argue that the final order, which concluded that neither David nor Margaret owed any money to Bridges "despite the default judgment entered against them," conflicted with the order of a previous judge entering a default judgment as to liability only. Thus, we do not address such an argument, but note that it would be similarly unavailing.

reflects that both David and Margaret argued that Bridges "ha[d] no reason to sue" them and that Bridges had no basis for a lawsuit. Eric conceded that he was responsible for the child support arrearage, but argued to the court that there was no basis for holding his parents responsible for the judgment. Finally, the trial court clearly indicated that it "was uncomfortable" about entering judgment against David and Margaret. Nevertheless, despite these arguments and comments at the hearing and well-settled law that "[a] default operates to admit only the well-pled *factual* allegations of the complaint and the fair inferences and conclusions of fact to be drawn from those allegations,"[13] Bridges elected to remain silent on the issue of whether she was entitled to recover damages against David and Margaret based solely on their default. And there is nothing in the transcript to suggest that the trial court would have precluded Bridges from responding to the court's concerns or otherwise presenting argument on this issue. Under these circumstances, we are not persuaded by her argument that she was denied notice or due process.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 26, 2010.

*Robert K. Prater*, for appellant.
David L. Wooten, *pro se*.
Margaret E. Wooten, *pro se*.
Eric L. Wooten, *pro se*.

---

[13] (Punctuation omitted; emphasis in original.) *EnduraCare Therapy Mgmt.*, 298 Ga. App. at 811 (1).