A90A1446. MILES v. GREAT SOUTHERN LIFE INSURANCE COMPANY.
(398 SE2d 772)

SOGNIER, Judge.

Delores Miles brought suit against Great Southern Life Insurance Company, alleging claims for breach of contract, fraud, and bad faith refusal to pay an insurance claim. She appeals from the grant of partial summary judgment to Great Southern on the fraud claim.

During the relevant time period, appellant was an employee of Gulfstream Aerospace Corporation ("GAC"), which provided its employees the opportunity to purchase group life insurance from appellee as part of GAC's employee benefit plan. On December 2, 1987, appellant discussed the insurance plan with Tamara Williams, an insurance counselor with Tarkenton/Watkins Insurance Group, the insurance broker responsible for servicing the plan. Williams provided appellant with a brochure describing the plan, which stated in pertinent part that employees and their spouses and children were eligible for "Guaranteed Issue coverage" of a specified amount, and that "[n]o health questions or physical examinations are required on applications within the Guaranteed Issue amount." Appellant decided to purchase the Guaranteed Issue coverage for herself, her husband, and her son. Williams completed the application forms and appellant signed them. In response to question 19 on appellant's application, which asked whether the proposed insured had been hospitalized within the past 90 days, Williams wrote "N/A," but the applications for appellant's husband and son are marked "no" in response to the query. The parties agree that appellant informed Williams that her husband had cancer, but they disagree regarding whether appellant

stated her husband had been hospitalized periodically, whether Williams completed the responses to question 19 in appellant's presence and before she signed the forms, and whether Williams informed appellant that the statement in the brochure that dependents and spouses did not have to provide medical information for the Guaranteed Issue coverage was in error. The policies appellant sought were issued, but when her husband died on February 1, 1989, appellee refused to pay the claim because the insured had been hospitalized within 90 days of the time the application was submitted.

1. The trial court held that appellee was entitled to summary judgment on appellant's fraud claim because there was no special relationship between appellant and appellee that would give rise to a tort claim for appellant's refusal to pay benefits under the insurance contract, and thus appellee was entitled to judgment as a matter of law. Appellant contends that the issuance of the group policy either made appellee an agent of GAC or vice versa. Accordingly, she maintains, the trial court erred by failing to find that a fact question was presented regarding whether her relationship with her employer, GAC, constituted a confidential relationship with concomitant duties, the breach of which could be the basis for a tort claim against appellee.

As appellant acknowledges, a breach of contract cannot constitute a tort unless there exists between the parties a special or confidential relationship of the type described in OCGA § 23-2-58. E.g., *Thomas v. Phoenix Mut. Life Ins. Co.*, 142 Ga. App. 550 (236 SE2d 510) (1977). Only when such a relationship is present can a party to a contract bring an action ex delicto against the party who owes a duty imposed by law as a result of the special relationship. She also recognizes that as a general rule there is no confidential relationship between an insurer and its insured, e.g., *Walsh v. Campbell*, 130 Ga. App. 194, 198 (202 SE2d 657) (1973), but contends the alleged special relationship between her and GAC provides the basis for appellee's liability to her.

The presence of a confidential relationship between an employer and employee arising from the procurement by the employer of insurance benefits for the employee turns on the nature of the activities engaged in by the employer. Our courts have recognized that when an employer takes action to procure group coverage for its employees — e.g., when the employer selects a group insurer, negotiates for new coverage or changes in existing coverage, and obtains applications from the employees to be submitted to the insurer — the employer acts as an agent of the employees. *Dawes Mining Co. v. Callahan*, 246 Ga. 531, 534 (272 SE2d 267) (1980); see *City of Brunswick v. Carney*, 187 Ga. App. 634, 635-636 (1) (a) (371 SE2d 201) (1988) (employer is employee's agent when changing to another group insurance carrier);

*Woodman Co. v. Adair*, 164 Ga. App. 603 (294 SE2d 579) (1982) (employer is liable ex contractu when it gives employee erroneous information about a change in coverage of group health insurance policy). However, once the policy is issued, when the employer performs duties necessary to make the group policy effective or applicable to individual employees, the employer becomes the insurer's agent. *Dawes*, supra at 533-534.

In the case at bar, the group life insurance plan had been in effect since 1985. GAC provided a forum one week each month for Williams or another of appellee's representatives to meet with employees to service existing accounts and solicit new ones. The information provided to appellant concerned coverage previously established by GAC and appellee, and there is no evidence any changes in the coverage or the carrier were involved. Compare *Carney*, supra. Accordingly, at the time appellant applied for the coverage at issue, GAC was an agent of appellee, not appellant, and thus we agree with the trial court that there is no material question of fact regarding appellant's claim of a confidential relationship between her and GAC. Therefore, appellant's theory of the case, which is based on the assumption that GAC was her agent, must fail. Although a breach of a duty imposed by virtue of any confidential relationship that might exist between appellee and GAC could provide the basis for tort liability of GAC to its principal, appellee, the relationship does not provide the necessary foundation for a tort action between appellee and appellant.

The cases cited by appellant do not support her position. The holding in *Capriulo v. Bankers Life Co.*, 178 Ga. App. 635 (344 SE2d 430) (1986) is not applicable because no fraud claim was asserted against the insurer. In that case, which involved a claim by an employee against his employer for breach of contract, negligence, and fraud, and against his group insurance carrier for breach of contract, we found that because a fact question remained as to the existence of a confidential relationship between the employer and the employee through the employer's procurement of insurance for the employee, the employer was not entitled to summary judgment on the fraud claim, but we affirmed the grant of summary judgment to the insurer on the contract claim. *Cochran v. Murrah*, 235 Ga. 304 (219 SE2d 421) (1975), is distinguishable because the Supreme Court found a confidential relationship between the employer and the employee arising from unique facts not present here.

Consequently, we concur in the trial court's conclusion that appellant's claim against appellee lies in contract only, and accordingly affirm the grant of summary judgment to appellee on the claim for fraud.

2. Appellant maintains in her remaining enumeration that the trial court erred by denying her motion to compel appellee to respond

to certain requests for admission and interrogatories. Appellee objected to six requests for admission concerning the insurance plan brochure distributed to GAC employees on the ground that the merger clause in the insurance contract rendered any statements in the brochure irrelevant, and objected to the interrogatories, which sought information about other claims denied for similar reasons and profits earned from the sale of coverage under the type of policy at issue, as unduly burdensome. Our review of the record discloses that each disputed discovery request either was outside the scope of permissible discovery or sought information relevant only to appellant's demand for punitive damages on the fraud claim, and accordingly we find no abuse of the trial court's discretion. *Whisenaut v. Gray*, 189 Ga. App. 314, 316 (375 SE2d 619) (1988).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 29, 1990 —
REHEARING DENIED NOVEMBER 14, 1990 —

*Clarence L. Martin*, for appellant.
*Miller, Simpson & Tatum, John M. Tatum, H. Pearce Scott*, for appellee.