**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 27, 2013**

# In the Court of Appeals of Georgia

A12A2437. WILLIS v. ALLSTATE INSURANCE COMPANY.

A12A2438. ALLSTATE INSURANCE COMPANY v. WILLIS.

ANDREWS, Presiding Judge.

We have consolidated these appeals for disposition because both cases arise from an action on a homeowners insurance policy issued by Allstate Insurance Company to Linda Willis. Because Allstate did not act on Willis's claims on the policy, Willis sued Allstate. After Allstate did not answer Willis's complaint and the case went into default, the trial court granted summary judgment to Allstate on two of Willis's allegations and denied Allstate's motion in limine. These appeals followed.

In Case No. A12A2437, Willis contends the trial court erred by granting summary judgment to Allstate on her claims for fraud and promissory estoppel after

it had entered a default judgment against Allstate. In Case No. A12A2438, Allstate contends the trial court erred by holding that Allstate could not introduce evidence at trial disputing its liability to Willis; by precluding Allstate from offering any defense at trial, including policy defenses; by denying its request to have only the well-pled factual allegations of Willis's complaint read to the jury during the trial of the case; and by denying Allstate's motion to exclude the opinion testimony of Willis's expert. For the reasons that follow, we affirm the trial court's rulings in Case No. A12A2437, and affirm the trial court's rulings on excluding Willis's expert, but we reverse the trial court's rulings on whether Allstate can introduce evidence on liability in Case No. A12A2438.

The record shows that while in the process of remodeling her home, Willis rented a portable storage unit to hold some of her possessions. Because the unit was placed in her front yard, some of Willis's neighbors complained, and, without notice to Willis, the owner of the storage unit removed it from her yard and put it in the company's storage yard. Willis reported this to Allstate as a theft. Then, the next day Willis's home burned, and Allstate boarded up the house because it determined the house was unsafe. Willis contends other property of hers was stolen from the boarded up house. Although Willis filed claims for the stolen property, the fire damage to her

home, and the costs of her temporary living expenses, Allstate never paid any of the claims.

Consequently, Willis filed suit on her policy. After this initial suit was removed to Federal Court, Willis dismissed the action without prejudice. Sometime later she filed an identical suit in Fulton County Superior Court, and, although Allstate was properly served, Allstate failed to answer the complaint, and was in default. Allstate moved to open the default, which the trial court subsequently denied. Thereafter, the trial court entered a judgment on liability.

Before the hearing on damages, the trial court made several rulings: It denied Allstate's motion to exclude the opinion testimony of Willis's expert, denied Allstate's motion to prevent Willis from arguing to the jury that liability was clear, and granted Willis's motion preventing Allstate from contesting liability or offering any defense to liability. Then, the trial court vacated its earlier order on Allstate's motion for partial summary judgment and granted Allstate's motion on Willis's claims for fraud and promissory estoppel. The trial court found that, notwithstanding the entry of the default, Willis's claims for fraud and promissory estoppel failed as a matter of law.

It is well settled in Georgia that

[a] judgment by default properly entered against parties sui juris operates as an admission by the defendant of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. Conclusions of law and facts not well pleaded and forced inferences are not admitted by a default judgment.

(Citation and punctuation omitted.) *Drug Emporium v. Peaks*, 227 Ga. App. 121, 128 (2) (c) (488 SE2d 500) (1997). As we have held,

a defendant in default is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged. The default concludes the defendant's liability, and estops him from offering any defenses which would defeat the right of recovery.

(Citations and punctuation omitted.) *Cohran v. Carlin*, 254 Ga. 580, 585 (3) (331 SE2d 523) (1985). Nevertheless,

[i]t is axiomatic that a default does not result in the admission of allegations that are not well-pled or that are the result of forced inferences. The failure to answer or to appear at trial serves as an admission of the facts alleged in the complaint, but not of the conclusions of law contained therein. So while a default operates as an admission of the well-pled factual allegations in a complaint, it does not admit the legal conclusions contained therein. A default simply does not require blind acceptance of a plaintiff's erroneous conclusions of law.

4

Nor does a default preclude a defendant from showing that under the facts as deemed admitted, no claim existed which would allow the plaintiff to recover.

(Punctuation, footnotes and emphasis omitted.) *Grand v. Hope*, 274 Ga. App. 626, 629 (1) (617 SE2d 593) (2005).

In relevant part, OCGA § 9-11-55 (a) provides that when a case is in default, the plaintiff is entitled to judgment "as if every item and paragraph of the complaint or other original pleading were supported by proper evidence." The effect of this provision is well settled in Georgia law. As the Supreme Court of Georgia and this Court have consistently held, a default operates as an admission of the well-pled facts alleged in the complaint, but not the conclusions of law contained therein: "A judgment by default properly entered against parties sui juris operates as an admission by the defendant of the . . . definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. Conclusions of law[] and facts not well pleaded and forced inferences are not admitted by [the] default judgment." (Punctuation omitted.) *Stroud v. Elias*, 247 Ga. 191, 193 (1) (275 SE2d 46) (1981); see also *Azarat Marketing Group v. Dept. of Admin. Affairs*, 245

5

Ga. App. 256, 257 (1) (b) (537 SE2d 99) (2000); *Spears v. Mack & Bernstein, P.C.*, 227 Ga. App. 743, 744 (1) (490 SE2d 463) (1997).

Case No. A12A2437

1. Willis's complaint asserted claims for bad faith, breach of contract, fraud, negligence, and promissory estoppel. After setting forth the jurisdictional and venue allegations, the complaint in relevant part alleged the following facts:

Allstate "initially undertook their duty by assigning an adjuster to assess and handle the claim, and by selecting a contractor of [Allstate's] choosing to secure and board up the uninhabitable burned out home of [Willis]." "During this process, a myriad of [Allstate's] employees and agents began calling and requesting documents and information from [Willis]." Willis "made diligent efforts to comply with the numerous and often redundant and repetitive requests made by" Allstate. Because of numerous and misleading phone calls, Willis requested that all communications with Allstate be by email, but Allstate "ignored [her] request . . . and continued sending letters to the address of [Willis's] destroyed house [and] continued to call the house phone number which could never be answered."

Willis provided Allstate "with all information necessary and required to process her claim, including sworn statements of loss, detailed inventory list,

6

estimates for repairs, together with an examination under oath." Allstate continued to make statements to lead Willis to believe the claim was being processed. Allstate "knew each of it's statements were false, misleading, and intended solely to lull [Willis] into the false security of believing that liability was clear and that . . . Allstate was solely considering the issue of damages which was thought to be processing through the Allstate bureaucracy (sic) and RED TAPE." Allstate was merely acting in a manner to delay "THE LAYWOMAN/NON-LAWYER" plaintiff past the Statue of Limitation and/or time within which the policy and/or statute required Willis to file her action in the courts. Allstate knew their representations to Willis during 2006 and 2007 were false and did so with the hope of ultimately denying Willis's claim so as to argue the Statue of Limitation. Allstate's "deceptive practice of delay is an exception to the Statute of Limitation."

In support of her fraud claims, the complaint alleged that Allstate's representatives "represented that they were undertaking duties to resolve [Willis's] claim knowing full well that their intent was to lull [Willis] into a false sense of security regarding their policy, thereby causing [Willis] to falsely believe [Allstate was] operating in good faith, together with (sic) the misperception that they intended to honor the claim, when the full intent of . . . Allstate was to fraudulently deny the

7

claim." "Allstate's denial of the claim was clearly a fraudulent breach of the Policy of Insurance. "Defendant Allstate is liable for it's bad faith denial of the policy of insurance in fraudulent breach of same."

The complaint further alleged in regard to promissory estoppel that Allstate "represented that they were undertaking duties to resolve [Willis's] claim knowing full well that their intent was to lull [Willis] into a false sense of security regarding their policy, falsely believe [Allstate was] operating in good faith, together with the fact that they intended to honor the claim, when the full intent of . . . Allstate was to fraudulently deny the claim." "Allstate's denial of the claim was clearly a fraudulent breach of the Policy of Insurance for which [Willis] should be estopped from denial." "Allstate is liable for it's bad faith denial of the policy of insurance in fraudulent breach of same."

In ruling on Allstate's motion for partial summary judgment the trial court, citing *Miles v. Great Southern Life Ins. Co.*, 197 Ga. App. 540 (398 SE2d 772) (1990), found that Willis's "claims for fraud and promissory estoppel fail as a matter of law. The relationship between an insurer and an insured is contractual. Breach of an obligation to pay arising solely from the contractual relationship created by an insurance contract will not support the bringing of a tort claim for fraud." "[Willis's]

8

promissory estoppel claim merely restates her fraud claim and is for that reason subject to the same analysis.

The general rule in Georgia is that a breach of contract cannot constitute a tort unless a special or confidential relationship exists between the parties. *Miles v. Great Southern Life Ins. Co.*, 197 Ga. App. at 541 (1). And it is well settled that "[t]he party asserting the existence of a confidential relationship has the burden of establishing its existence." (Footnote omitted.) *Canales v. Wilson Southland Ins. Agency*, 261 Ga. App. 529, 531 (1) (583 SE2d 203) (2003). Generally, no fiduciary relationship exists between an insured and his or her insurer. *Nash v. Ohio Nat. Life Ins. Co.*, 266 Ga. App. 416, 422 (1) (597 SE2d 512) (2004); *Miles v. Great Southern Life Ins. Co.*, 197 Ga. App. at 541 (1). The posture of an insured making a claim against her own insurer does not fall within this definition of a confidential relationship, but is one of antagonistic interests. *Walsh v. Campbell*, 130 Ga. App. 194, 198 (202 SE2d 657) (1973).

Although enumerating this ruling as error, Willis has not challenged the premise of the trial court's ruling, which is a correct statement of the law. This is not a case in which the trial court found the allegations in the complaint insufficient. Willis is not entitled to prevail solely because Allstate is in default.

9

A default simply does not require blind acceptance of a plaintiff's erroneous conclusions of law. Nor does a default preclude a defendant from showing that under the facts as deemed admitted, no claim existed which would allow the plaintiff to recover.

*Grand v. Hope*, 274 Ga. App. at 629 (1). Accordingly, this enumeration of error is without merit.

Case No. A12A2438

2. Allstate contends the trial court erred by ruling that Allstate cannot introduce evidence to dispute liability. Allstate argues that it is permitted to show that Willis's claims were not covered by her insurance policy with Allstate or that Willis complied with the terms of the policy.

It is axiomatic that a default does not result in the admission of allegations that are not well-pled or that are the result of forced inferences. The failure to answer or to appear at trial serves as an admission of the facts alleged in the complaint, but not of the conclusions of law contained therein. So while a default operates as an admission of the well-pled factual allegations in a complaint, it does not admit the legal conclusions contained therein.

(Punctuation, footnotes and emphasis omitted.) *Fink v. Dodd*, 286 Ga. App. 363, 365 (1) (649 SE2d 359) (2007). Evidence which serves to relieve Allstate of liability,

10

however, which it has already admitted by virtue of the default judgment is inadmissible. *First Union Nat. Bank of Ga. v. Floyd*, 198 Ga. App. 99, 102 (3) (400 SE2d 366) (1990). Consequently, the default did not preclude Allstate from showing that, under the facts as deemed admitted, no claim existed which would allow Willis to recover. *Crawford v. Dammann*, 277 Ga. App. 442, 453-454 (4) (c) (626 SE2d 632) (2006); *ServiceMaster Co. v. Martin*, 252 Ga. App. 751, 752 (1) (556 SE2d 517) (2001). Therefore, the trial court erred to the extent it ruled that Allstate was prevented from introducing *any* evidence on liability.

3. Allstate alleges the trial court erred by preventing Allstate from contesting liability or offering any defenses to liability at trial, including policy defenses. For the reasons set forth in Division 2, supra, the trial court erred by holding that Allstate cannot contest liability or offer defenses, including policy defenses at trial. Nevertheless, by failing to answer timely, Allstate waived its opportunity to assert any affirmative defense included within OCGA § 9-11-8 (c). *Azarat Marketing Group v. Dept. of Admin. Affairs*, 245 Ga. App. 256, 257 (1) (a) (537 SE2d 99) (2000) (The failure to assert an affirmative defense in an answer or motion prior to suffering a default judgment acts as a waiver of the defense); *Northgate Village Apts. v. Smith*,

11

207 Ga. App. 479, 481-482 (3) (428 SE2d 381) (1993). See also *McDade v. McDade*, 263 Ga. 456 (1) (435 SE2d 24) (1993).

4. Allstate further contends the trial court erred by denying its request to have only the well-pled factual allegations of Willis's complaint read to the jury during the trial of the case. Because the trial court denied Allstate's motion in limine without explanation, we cannot know how the trial court planned to deal with this issue. What the trial court cannot do, however, is merely allow all of Willis's allegations, well pled or not, and legal conclusions to be presented to the jury as if they imposed liability upon Allstate.

5. Allstate alleges the trial court erred by denying Allstate's motion to exclude the opinion testimony of Willis's expert. Allstate moved to exclude the expert's testimony relying on OCGA § 24-9-67.1. The expert, a builder/developer/construction company owner who had been in the business for over 20 years, was asked by Willis to provide an estimate of the cost to restore her home to its pre-fire condition. Allstate asserts the expert's testimony did not "fit" with the facts of the case and would not help the trier of fact because the expert testified at his deposition that his estimate included repair of some damage caused by termites and not caused by the fire and he cannot separate the cost of fire repair from termite

repair. He also testified that the estimate also included charges for building code upgrades, and repair costs for the deterioration of the house since the fire, which also cannot be separated from the cost of repairing fire damage only.

Notwithstanding the points raised by Allstate, a trial court has broad discretion in accepting or rejecting the qualifications of an expert, *Williams v. State*, 279 Ga. 731, 732 (2) (620 SE2d 816) (2005), and the question of whether a person possesses the qualifications as an expert witness rests entirely in the sound discretion of the trial court. *Hunter v. State*, 192 Ga. App. 675, 676 (2) (385 SE2d 764) (1989). Given the expert's long experience in the field, we find no abuse of discretion here. Moreover, the problems with the expert's estimate relied upon by Allstate goes to the weight to be given the expert's opinion, not its admissibility.

*Judgment affirmed in Case No. A12A2437. Judgment affirmed in part and reversed in part in Case No. A12A2438. Doyle, P. J., and Boggs, J., concur.*